Order, Supreme Court, New York County (Milton A. Tingling, J-), entered January 30, 2012, which granted defendant’s motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion denied.
We agree with the motion court that the parties made a mutual rather than a unilateral mistake. Contrary to plaintiffs claim, the mistake was material, and not a mere mistake about *404 value (cf. Simkin v Blank, 19 NY3d 46, 55 [2012]). However, contrary to the dissent’s conclusion, the issue of mutual mistake is essential to the determination of this case.
The dissent acknowledges that there was an oral agreement in this case, and that the agreement was conditioned upon defendant commencing a lost will proceeding. That such proceeding ultimately became moot does not make it, as the dissent posits, a condition upon which performance under the agreement depended. Plaintiff met her obligations under the agreement to pay one half of the decedent’s funeral expenses and attorneys fees for the proceeding. Defendant did, as required, commence a lost will proceeding. Both parties thus fulfilled the terms of the oral agreement. It was only less than one month before the hearing on the lost will proceeding was to commence that defendant’s husband found the original will in the same box which defendant had searched prior to entering into the agreement. It was at that point that defendant attempted to abrogate the contract. It is noteworthy that defendant, in her motion for summary judgment dismissing the complaint argued that the contract should be rescinded due to a mutual mistake as to the existence of the original will. The question of mutual mistake, therefore, is central to the disposition of this case.
Defendant’s alleged negligence in searching for the original 1991 will, the absence of which formed the basis of the oral agreement to commence a lost will proceeding, is an important factor in determining whether the doctrine of mutual mistake may be invoked to rescind this otherwise valid oral agreement. “ ‘Mistake, to be available in equity, must not have arisen from negligence, where the means of knowledge were easily accessible’ ” (Da Silva v Musso, 53 NY2d 543, 551 [1981] [citation omitted]). The doctrine of mutual mistake “may not be invoked by a party to avoid the consequences of its own negligence” (P.K. Dev. v Elvem Dev. Corp., 226 AD2d 200, 201 [1st Dept 1996]).
Here, at a minimum, the record presents triable issues of fact as to whether defendant was negligent in her search for the original will. Defendant acknowledged as much when she stated that, when she looked in the box for the will, “the stuff . . . was so mixed up that when I went through it I missed” the will. The parties’ mistaken belief that the original of their late brother’s 1991 will could not be found arose from defendant’s failure to remember that her brother had given her the original and that she had placed it in a box in her house for safekeeping. Whether defendant was negligent or less than diligent in her search of the very same box where her husband subsequently *405 found the original will are questions that should be determined by a jury. Under such circumstances, defendant was not entitled to summary judgment dismissing the complaint based on mutual mistake.
Concur—Sweeny, Manzanet-Daniels, Feinman and Clark, JJ.